The opinion of the court was delivered by
Spencer, J.
The defendant was indicted for and convicted without capital punishment of murder. He appeals, and assigns as error ap *380 parent on the face of the record that it does not appear by the record that the grand jury was sworn.
The record shows that sixteen persons named “ were this day empanneled to serve as grand jurors that one of them was appointed foreman, and the charge of the court given ; that the grand jurors appeared in open court, and through their foreman presented the indictment in this case, duly attested as “a true bill” by the foreman. The indictment recites that it was found by the grand jury, “ duly empanneled and sworn.” The accused was arraigned and plead “ not guilty,” was tried and convicted.
It has been held by this court that it must appear by the record that the petit jury trying the case has been sworn. State vs. Gates, 9 An. 94 ; State vs. King, 28 An. 425 ; State vs. Douglass, 28 An. 425.
In the case of State vs. Tazwell, 30 An. 885, in reference to the objection that the record did not show “that a grand jury was ever empanneled for the November term, nor that the person signing the finding as foreman was ever selected as such, or had authority so to sign,” we said, “ we do not consider it sacramental that these preliminary proceedings for the organization of the grand jury should be copied in the record. We will in the absence of specific objection and affirmative proof to the contrary, presume that it was properly organized. The cases cited by defendant have reference to the petit jury organized to try the case ; that jury is specially organized with reference to the particular case to be tried, and it might well be that its organization, etc., should appear by the record ; but the same reason does not exist as to the grand jury’s organization.”
We will only add that the grand jury is organized for the term and with reference to no particular case, while the petit jury is for particular cases. The former is to inquire into all crimes, the latter into some particular crime.
Objections to the manner of organizing the grand jury can not, we think, be urged after plea and trial. They are in the nature of objections to those “ formal defects apparent on the face of the indictment” which must be urged before pleading. R. S. 1064.
The_ defendant also reserved a bill to the refusal of the judge to charge that, “if from the evidence the jury believe that the accused, at the time of inflicting the mortal stroke, was insane, and net capable of self-control, from the use of intoxicating liquors or other poison, administered and sold to him by the deceased, the jury should not find him guilty.”
We think the judge properly refused this charge. It is too broad, and would have manifestly misled the jury into the belief that the frenzy of drunkenness was an excuse for homicide.
*381 We think that the. correct rule is stated in United States vs. Clarke, 2 Cranch. C. C. R. 158, that it must appear, in order to excuse the act, “ that the prisoner, at the time of committing it was in such a state of mental insanity, not produced bij the immediate effects of intoxicating drinks, as not to have been conscious of the moral turpitude of the act.” Under this rule it is settled that insanity produced by delirium tremens affects the responsibility in the same way as insanity produced by any other cause. Amer. Crim. Law, § 32, vol. 1; U. S. vs. Drew, 5 Mason U. S. Reports, 28.
In other words, where drunkenness is the remote cause of the insanity, where the latter proceeds from causes which are themselves the effect of antecedent excesses, the party is not responsible. The law looks to the proximate cause of the insanity, and if that be drunkenness it is no excuse for crime.
The judgment and sentence are affirmed.